[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The respondent has filed motions to dismiss and motions to quash in each of two petitions for habeas corpus relief filed by the petitioner with regard to his sentence of 50 years incarceration following his conviction of murder in violation of Connecticut General Statutes Section 53a-54a. CT Page 5776
In his first petition, dated February 7, 1992, docket number 1402, the petitioner alleges that his original appellate counsel, an assistant public defender, rendered him ineffective assistance in his direct appeal of his conviction by submitting an inadequate appellate brief; by representing the petitioner despite a conflict of interest; and by causing delay of the appeal. In the second petition, dated September 11, 1992, docket number 1573, the petitioner alleges that his current appellate counsel, a special appellate public defender, has rendered him ineffective assistance with respect to the same appeal in that he has a conflict of interest with the petitioner; in that he has had inadequate discussions with the petitioner regarding his appeal; and in that he submitted an inadequate appellate brief.
This court heard argument on these motions on June 3, 1993. The petitioner's direct appeal has been argued before the Connecticut Supreme Court, but that Court has yet to issue a decision.
The respondent's motions to dismiss these petitions are based on the contention that the petitioner has abused the writ of habeas corpus by filing multiple petitions when all of his claims could be set forth in one petition. The motions to quash the petitions are based on the fact that the petitioner's direct appeal has yet to be decided and that his claims of ineffectiveness of appellate counsel are premature or moot. Because the court agrees with the respondent's claim regarding the motions to quash, it need not address the motions to dismiss.
Our Supreme Court had adopted the two-part Strickland analysis in the context of a claim of ineffective assistance of appellate counsel, Bunkley v. Commissioner, 222 Conn. 444
(1992), p. 455; and, consequently, a habeas corpus petitioner must prove both deficient performance of appellate counsel and prejudice resulting therefrom, Ibid. In order to demonstrate prejudice the petitioner must establish that, but for appellate counsel's substandard representation, the outcome of his appeal and the underlying conviction would likely have been different, Ibid., p. 459.
Until his direct appeal has been unfavorably decided, the petitioner suffers no prejudice, except for the undue CT Page 5777 delay claim which will be addressed infra. The petitioner's reliance on State v. Leecan, 198 Conn. 517 (1986) in order to justify bringing the claims in those petitions at this time is misplaced. In that case, at p. 541, our Supreme Court stated that a "defendant shall not be required to await the outcome of his appeal upon other issues before pursuing his claim of incompetent counsel." But in that case, the appellant claimed that his trial attorney was ineffective and not his appellate counsel. The outcome of the proceeding which was purportedly affected by his attorney's substandard representation, i.e. his trial, was determined by his conviction. In the instant case the outcome of the proceeding purportedly affected by the petitioner's appellate attorneys' incompetent performance is undetermined and unknown.
The petitioner also cites for support the federal habeas corpus case of Mathis v. Hood, 937 F.2d 790 (CA 2 1991). In that case the federal habeas petitioner had been convicted in the state court and taken an appeal in the state system. He claimed his state appellate counsel was ineffective due to a conflict of interest stemming from the petitioner's filing of a disciplinary action against his attorney for failing to pursue his state appeal diligently. The U.S. Appeals Court held that, because a proven conflict of interest was the basis of the ineffectiveness claim, prejudice could be presumed without a specific showing, Ibid., p. 795.
The petitioner in the present case argues that, because he has also alleged a conflict of interest in both petitions, he is absolved from proving prejudice, and, therefore, he need not wait for the purportedly tainted appeal to be resolved. The court rejects this argument. In Mathis v. Hood, supra, the state appeal was already decided against the petitioner, Ibid, p. 793. In fact, the remedy ordered by the federal habeas court was to vacate the affirmance of the conviction and to hear a new appeal, Ibid, p. 794. The basis for the federal habeas court overturning the state appeal result was that the conflict of interest by the petitioner's state appellate counsel "undermine[d] its confidence in the outcome of the [state] appeal," Ibid, p. 796 (emphasis added). Clearly, the holding in Mathis v. Hood, supra, is therefore distinguishable from the instant case where the outcome has yet to be determined. CT Page 5778
Also, as a practical matter, it is unlikely that a habeas court would be able fairly to resolve the issue presented by the first prong of the Strickland analysis, which pertains to appellate counsels' competency in representing the petitioner, without the benefit of an analysis of the result of the appeal. The petitioner claims that both of his appellate counsel submitted inadequate appellate briefs. Without knowing what impact those briefs may have on the ultimate decision at the appellate level, the habeas court cannot realistically evaluate the quality of those briefs. Restrictions on the length of the briefs and the diluting effect on stronger points by the inclusion of lesser ones are among the considerations which make issue selection especially important at the appellate stage. Having competent counsel does not insure that that counsel will recognize and raise every conceivable issue, including constitutional ones, Johnson v. Commissioner, 218 Conn. 403
(1991), p. 425. The decision of the Supreme Court as to the petitioner's appeal will likely shed light on which issues ought to hve [have] been pursued even if the petitioner's conviction is affirmed.
There is one ground presented in the first petition which remains unaffected by the absence of an appellate decision, however. That ground is the petitioner's claim of undue delay in the appellate process allegedly caused by his original appellate counsel. In Gaines v. Manson, 194 Conn. 510
(1984), our Supreme Court permitted a habeas petition to proceed despite pending appeals, where the delay in hearing the petitioners' appeals resulted from discrimination based on the petitioner's poverty, Ibid, p. 527. In that case the petitioners' appeals remained in limbo because of inadequate staffing of the Public Defender's Office to handle the number of appeals filed.
In remanding the cases to the habeas court, the Supreme Court acknowledged that at the time of the new habeas hearings the issue of appellate delay may have become moot, Ibid, p. 529, fn. 17. That is the situation with the petitioner's claim of delay. The petitioner's appeal has now been heard, and he awaits only the issuance of a decision. Thus, his claim of undue appellate delay is moot.
For the above reasons, the respondent's motions to quash the petitions are granted. CT Page 5779
BY THE COURT,
Samuel J. Sferrazza Judge, Superior Court